**John No Hlai MANG, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 04–60603.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 11, 2006.

Paul S. Zoltan, Law Office of Paul S. Zoltan, Dallas, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigration Litigation, Alberto. R. Gonzales, U.S. Department of Justice, Margaret A. O'Donnell, U.S. Department of Justice, Criminal Division, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service, District Directors Office, New Orleans, LA, for Respondent.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM: *

John No Hlai Mang, a native and citizen of Burma, has petitioned for review of an order to the Board of Immigration Appeals

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("BIA") affirming the immigrations judge's ("IJ") decision denying his applications for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). He also has moved for a stay of deportation.

In rejecting Mang's applications, the BIA found that Mang lacked credibility. This court generally reviews only the decision of the BIA, not that of the IJ. *Carbajal–Gonzalez v. INS,* 78 F.3d 194, 197 (5th Cir.1996). Errors of the IJ are considered only to the extent that they affect the BIA's decision. *Id.* Here, because the BIA did not adopt the IJ's decision, but issued its own decision, this court reviews the decision of the BIA. *See Girma v. INS,* 283 F.3d 664, 666 (5th Cir.2002).

The BIA articulated cogent reasons, supported by substantial evidence in the record, for rejecting Mang's testimony as incredible. *See Chun v. INS,* 40 F.3d 76, 79 (5th Cir.1994). Absent credible testimony by Mang, substantial evidence supports the BIA's determination that Mang failed to establish that he was eligible for asylum and withholding of removal. *See id.* Because Mang makes only a conclusory statement that he is entitled to relief under the CAT, he has shown no error in the BIA's denial of relief under the CAT. *See Efe v. Ashcroft,* 293 F.3d 899, 907 (5th Cir.2002). Accordingly, his petition for review is DENIED.

In light of the disposition of Mang's petition, his motion for a stay of deportation also is DENIED.